IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CEDRIC JACOBS,**

    **Plaintiff,**

**vs.**                                  **CASE NO. 4:23-cv-00324 WS-MAF**

**S. MILLIKEN,**

    **Defendant,**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Cedric Jacobs, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $402 filing fee and did not file a complete application to proceed *in forma pauperis* (IFP). See ECF No. 2. The Court screened the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, found the complaint legally insufficient, and ordered Plaintiff to amend by September 4, 2023. ECF No. 4. The Court also ordered Plaintiff to file a complete IFP application or, alternatively pay the filing fee by the same deadline and later granted Plaintiff an extension, until September 26, 2023, to comply. Id. To date, Plaintiff has not filed a complete IFP application, did not pay the filing fee, and his amended complaint remains legally insufficient. ECF No. 5. After careful consideration, the case should be dismissed for failure to comply with the Court's orders.

## I. Plaintiff's Amended Complaint, ECF No. 5.

Plaintiff sued two officials employed by the Florida Department of Corrections: S. Milliken, the secretary of appeals, and A. Johnson, the secretary's representative. ECF No. 5, pp. 1-3. Both are sued solely in their official capacities. Id., pp. 2-3.

Plaintiff claims that on February 27, 2023, he filed a timely grievance to the secretary of appeals but received no reply. Id., p. 5. In May 2023, Plaintiff filed another grievance and received a response informing him that the grievance was filed in error because multiple disciplinary reports were challenged. Id. Plaintiff claims his right to due process was violated; he lost 319 days of earned gain time and was placed on close management. Id., p. 6. Plaintiff claims Defendants did not respond to his grievance within the allowable time. Plaintiff seeks the restoration of his gain time, removal of the closed management sanctions, and monetary damages. Id., p. 6.

The complaint is incomplete. The sections relating to Plaintiff's litigation history and signature pages are completely missing. The Local Rules provide that *pro se* litigants are required to use the court form to file a civil rights case pursuant to Section 1983 and "[t]he Court need not—and ordinarily will not—consider a petition, motion or complaint that is not filed on the proper form." N.D. Fla. Loc. R. 5.7(A). In addition, any "document filed

by a *pro se* party must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." N.D. Fla. Loc. R. 5.1(E). Local Rule 41.1 provides, "If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken." Dismissal is proper because Plaintiff failed to comply with two court orders and refused to use the proper and complete versions of the complaint forms and IFP applications as explained below.

## II.   Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of

delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

The Court screened Plaintiff's initial complaint and identified certain deficiencies; specifically, Plaintiff did not use the proper form and the complaint was a shotgun pleading. ECF No. 4. The Court also advised Plaintiff that his claims would likely fail because official capacity claims for damages are barred by Eleventh Amendment immunity, the failure to respond to grievances does not violate a constitutionally-protected liberty interest, and claims relating to the loss of gain time resulting from any disciplinary reports are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Id. Plaintiff filed an amended complaint, but the deficiencies remain. Most significantly, Plaintiff did not submit the entire complaint form. ECF No. 5. The Court need not address Plaintiff's claims on the merits when he cannot abide by the basic procedural requirements of filing a verified complaint on the proper form.

Similarly, the Court ordered Plaintiff to file a complete IFP application. ECF No. 5. Plaintiff filed a second IFP application, but not only did he refuse to use the form the Court provided, he did not include the financial certificate

disclosing his average monthly balances and deposits or any inmate account statements for the six-month period immediately preceding the initiation of this case. ECF No. 6. Still, the Court gave Plaintiff an extension, until September 26, 2023, to comply with the Court's order. However, as of the drafting of this Report, Plaintiff has not submitted a complete IFP application or a complete and legally sufficient complaint. Dismissal is proper. Twice, the Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss this action. ECF Nos. 4, 7.

## III.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** because Plaintiff failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also recommended the case be **CLOSED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2023.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).